IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| TYRESE D. HYLES, | ) | |
|     Petitioner, | ) | Civil Action No. 7:21-cv-00128 |
| | ) | |
| v. | ) | |
| | ) | By: Michael F. Urbanski |
| MR. STREEVAL, Warden, | ) | Chief United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Tyrese D. Hyles, a federal inmate proceeding pro se, filed this petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that his continued detention is unconstitutional. This is the third § 2241 petition Hyles has filed in this court, and the prior two were denied by Senior United States District Judge Norman K. Moon. The background of Hyles's criminal proceedings are set forth in the court's opinions in those two cases, and will not be repeated in detail here. See generally Mem. Op., Hyles v. Breckon, No. 7:18-cv-00183 (W.D. Va. Aug. 8, 2019), ECF No. 9; Mem. Op., Hyles v. Breckon, No. 7:19-cv-00192 (W.D. Va. Mar. 17, 2020), ECF No. 24. In brief, Hyles is currently serving two consecutive life sentences without parole, imposed by the United States District Court for the Eastern District of Missouri, after a jury convicted him of conspiracy to commit murder-for-hire and abetting murder-for-hire in violation of 18 U.S.C. §§ 2, 1958.

Hyles's petition lists two grounds for relief. In the first, he states that he is challenging his conviction and sentence under the savings clause and the Fourth Circuit's decisions in In re Jones, 226 F.3d 328 (4th Cir. 2000), and United States v. Wheeler, 866 F.3d 415 (4th Cir. 2018). He asserts that the decision in United States v. Burrage, 571 U.S. 204 (2014) is a "substantive change of the law" that renders his conduct no longer criminal. Pet. 6, ECF No. 1.

In his second ground for relief, he states that he is challenging the "execution of [his] sentence." Id. at 7. This ground relies, in turn, on his assertion that he is being held under a judgment that is for "criminal conduct that it no longer criminal" after Burrage. Id.

Hyles also has filed a motion to amend, ECF No. 2, which the court will grant insofar as the court will consider the additional arguments he raises in that filing, discussed below. After review of the record, however, and for the reasons set forth herein, the court concludes that Hyles's petition must be summarily dismissed.[1]

## I. DISCUSSION

### A. The Savings Clause and the Jones and Wheeler Tests

Typically, a petitioner challenging the validity of his conviction or sentence must proceed under 28 U.S.C. § 2255 in the district where he was convicted. However, the "savings clause" in § 2255 allows a prisoner to challenge the validity of his conviction and/or his sentence by filing a § 2241 petition for writ of habeas corpus, if he demonstrates that § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). This provision "is commonly referred to as the 'savings clause' as it arguably saves § 2255 from unconstitutionally suspending habeas corpus." Lester v. Flournoy, 909 F.3d 708, 711 (4th Cir. 2018).

Section 2255 is inadequate or ineffective to test the legality of a conviction when:

1. At the time of conviction, settled law of this circuit or of the Supreme Court established the legality of the conviction;

2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of

---

[1] Under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which may be applied to § 2241 cases under Rule 1(b), a court may summarily dismiss a petition when it is plain that the petitioner is not entitled to relief.

       which the prison was convicted is deemed not to be criminal; and

3. The prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.[2]

In re Jones, 226 F.3d at 333–34.

In Wheeler, the Fourth Circuit explained that where a petitioner is challenging the legality of his sentence (as opposed to his conviction), § 2255 will be deemed "inadequate or ineffective" only when all of the following four conditions are satisfied:

1. At the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence;

2. Subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review;

3. The prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and

4. Due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

886 F.3d at 429; see also Lester, 909 F.3d at 712 (applying Wheeler). The requirements of the savings clause are jurisdictional. Thus, a § 2241 petitioner relying on the savings clause to challenge his sentence must meet the Wheeler test for the district court to have jurisdiction to evaluate the merits of the petitioner's claims. Id. at 423–26.

### B. Ground One: Claims Based on Burrage

Hyles's petition in this case repeats many of the same arguments based on Burrage that he raised in his prior petition in No. 7:19-cv-00192. He claims, though, that because Judge

---

[2] The gatekeeping provisions of § 2255(h) require a prisoner, before filing a "second or successive" § 2255 motion, to receive permission from the court of appeals by showing either "newly discovered evidence" proving he was not guilty of his offense, or that a new, previously unavailable rule of constitutional law made retroactive on collateral review by the Supreme Court entitles him to relief. Lester, 909 F.3d at 710–11 (citing 28 U.S.C. § 2255(h)(1)–(2)).

Moon concluded that the court lacked jurisdiction over Hyles's last petition, the merits of his Burrage claims never have been addressed. Notably, Hyles appealed the dismissal of his last § 2241 petition, and the Fourth Circuit affirmed "for the reasons stated by the district court." Hyles, No. 7:19-cv-192, ECF No. 130 (opinion in Hyles v. Breckon, No. 20-6408 (4th Cir. Nov. 19, 2020)).[3]

Upon review of Judge Moon's prior opinion, which has now been affirmed by the Fourth Circuit, the court agrees that Hyles's arguments based on Burrage do not satisfy the jurisdictional requirements of either Jones or Wheeler. See Hyles, No. 7:19-cv-00192, Mem. Op. at 7–13, ECF No. 24. For the same reasons set forth by Judge Moon, see id., the court concludes that Hyles has not satisfied Jones or Wheeler as to his Burrage-based arguments in his petition. The court therefore lacks jurisdiction over his arguments in ground one.

### C. Ground Two, Including Arguments in Motion to Amend

In his motion to amend, Hyles first clarifies that with regard to ground two, he is relying solely on § 2241(c)(1), and not § 2241(c)(2) or (c)(3).[4] He then emphasizes that he is challenging the "execution of sentence" by the Bureau of Prisons ("BOP") and not his conviction or sentence. Neither the claims set forth in his motion to amend, nor the claims in his original petition at ground two, entitle him to relief.

---

[3] Hyles's petition for rehearing was denied, and he did not file a petition for writ of certiorari with the United States Supreme Court.

[4] The relevant portions of § 2241 state:
(c) The writ of habeas corpus shall not extend to a prisoner unless—
  (1) he is in custody under or by color of the authority of the United States or is committed for trial before some court thereof; or
  (2) He is in custody for an act done or omitted in pursuance of an Act of Congress, or an order, process, judgment or decree of a court or judge of the United States; or
  (3) He is in custody in violation of the Constitution or laws or treaties of the United States . . . .
28 U.S.C. § 2241.

The arguments in his motion to amend are properly characterized as multi-faceted jurisdictional arguments. For example, he argues that the indictment is "is void for fraud." This is based on his contentions that: (1) the U.S. Attorney lacked "legislative jurisdiction" over the place where the criminal act of murder occurred; and (2) the federal district court where he was convicted lacked subject matter jurisdiction because "the crime of murder or death result was not committed in any place under the exclusive authority of the United States, within this district of Missouri." ECF No. 2 at 6. Instead, it was committed in the state of Missouri. He also argues that because no grand jury ever indicted him for murder under Missouri law or federal law, the charge against him under § 1958 was improper.[5]

Hyles further argues that the government lacked jurisdiction to prosecute him because the indictment designated the United States as a "Plaintiff," and therefore, the proceedings against him were civil and not criminal in nature. He includes the related contentions that there was no "removal" of any state proceedings to federal court, ECF No. 2 at 7–8. He further contends that the United States federal government lacked personal jurisdiction over him, and cites to various arguments applicable to personal jurisdiction in the context of civil cases. Id. at 8–9.

To the extent that they are properly raised in a § 2241 proceeding, Hyles's jurisdictional arguments are without merit. The court declines to address these arguments in detail, but notes first that district courts have "original jurisdiction . . . of all offenses against the laws of the United States," pursuant to 18 U.S.C. § 3231. United States v. Underwood, 726 F. App'x 945, 948 (4th Cir. 2018). It is irrelevant that the acts underlying the crime occurred within a state, as

---

[5] As noted by Judge Moon, the elements of § 1958 do not require proof that the defendant himself murdered anyone. Hyles, No. 7:19-cv-00192, ECF No. 24, at 12–13.

opposed to on federally owned lands or in a federal territory, if the offense is otherwise an offense against the laws of the United States. Hawk v. United States, No. 1:08CR413-1, 2015 WL 13567551, at *3 (M.D.N.C. May 27, 2015), report and recommendation adopted, No. 1:08CR413, 2015 WL 13567416 (M.D.N.C. June 30, 2015) (calling it a "false notion that events occurring within the state of North Carolina are necessarily excluded from federal jurisdiction" and noting that when petitioner violated federal law in North Carolina, his case was properly brought in federal court pursuant to § 3231).

Likewise, Hyles's argument alleging a lack of personal jurisdiction are without merit. "[P]ersonal jurisdiction in a federal criminal prosecution 'is supplied by the fact that [the defendant] is within the territory of the United States.'" Underwood, 726 F. App'x at 948 (citations omitted).

The other aspect of his second ground for relief—Hyles's contention that he is not attacking his original conviction or sentence in ground two, but is instead attacking the BOP's authority to detain him—fares no better. Hyles states repeatedly that he is challenging the "execution of his sentence." See, e.g., Pet. 2, 5, 7, ECF No. 1. He also alleges that the warden is acting in excess of his authority to impose punishment, id. at 7, 20, citing 18 U.S.C. § 4001(a).[6] From this, he argues that he is not required to utilize § 2255(e) or the savings clause, and that he need not satisfy Jones or Wheeler, because he is only challenging the

---

[6] Known as the Non-Detention Act, this provision states: "No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress." 18 U.S.C. § 4001(a). The Non-Detention Act is not an obstacle to detention pursuant to lower federal court judgments in a criminal case because Congress has conferred jurisdiction on those courts. See 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States."); see also Armstrong v. Guccione, 470 F.3d 89, 103 (2d Cir. 2006) (holding that the Judiciary Act of 1789, which created lower federal courts, provides sufficient statutory authorization to detain persons pursuant to a district court's inherent contempt power).

warden's right to unlawfully detain him. Pet. 23–24. Put differently, he attempts to argue that he is not challenging his conviction or sentence, but only the warden's authority to detain him.

Despite Hyles's attempts to recharacterize his petition as a challenge to the authority of the warden, as opposed to one attacking his conviction or sentence, his petition is clearly yet another attempt to challenge the conviction and sentence he is currently serving. As such, it cannot proceed here unless he satisfies <u>Wheeler</u> or <u>Jones</u>, which he cannot do. Put differently, his argument that his detention is illegal is premised entirely on his conviction or sentence being illegal, not on any independent action by the BOP—except its justified insistence that it must detain him consistent with the valid criminal judgment against him. Indeed, he does not make any arguments as to why the BOP's "execution" of his sentence is otherwise unlawful. He simply cites to grounds which, in fact, rely on the invalidity of his conviction or sentence.

## II. CONCLUSION

For the foregoing reasons, Hyles's § 2241 petition will be dismissed for lack of jurisdiction. An appropriate order will be entered.

Entered: April 30, 2021

Michael F. Urbanski
Chief U.S. District Judge
2021.04.30 14:11:41
-04'00'

Michael F. Urbanski
Chief United States District Judge